```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
          DIVISION OF ST. THOMAS AND ST. JOHN
```

PEDRO CARRILLO,            )
                           )
            Plaintiff,     )
                           )   Civ.No.13-116
                           )
v.                         )
                           )
UNITED STATES VIRGIN ISLANDS )
BUREAU OF CORRECTIONS,     )
                           )
            Defendant.     )
                           )
_____)

ATTORNEYS:

**Pedro Carrillo**
Pound, VA.
     *Pro se,*

**Claude Walker, Attorney General**
**Raymond T. James, AAG**
Christiansted, VI
     *For defendant.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Pedro Carrillo ("Carrillo") was convicted of Assault in the Third Degree and Grand Larceny in the Superior Court of the Virgin Islands. After having served a portion of his sentence, Carrillo was released on parole. While on parole, Carrillo committed several crimes: Assault in the First Degree, Assault in the Third Degree, and Unauthorized Possession of a Firearm During the Commission of a Crime of Violence. Carrillo was found

Case: 1:13-cv-00116-CVG-GWC Document #: 23 Filed: 03/02/17 Page 2 of 3

*Carrillo v. Bureau of Corrections*
Crim. No. 13-116
Memorandum Opinion
Page 2

guilty of those crimes in this Court. A parole revocation hearing was held by the Virgin Islands Board of Parole (the "VIBP"). The VIBP revoked Carrillo's parole for having committed the above listed crimes.

On December 9, 2013, Carrillo brought suit in this Court against the United States Virgin Islands Bureau of Corrections (the "Bureau"). Carrillo alleges that the Bureau has improperly denied him a parole review hearing. Carrillo further alleges that he was entitled to state provided legal counsel during the parole revocation hearing. Such counsel was not provided. Carrillo requests that the Court order the Bureau to hold a parole hearing or order Carrillo's immediate release.

On April 27, 2016, the Bureau filed a motion to dismiss. The motion to dismiss states that

> [o]n March 27, 2016, Petitioner, Pedro Carrillo was granted supervised release with the United States District Court. See attached Certificate of Parole And/Or Final Discharge attached hereto as Exhibit 1. The crux of Petitioner's claim was that he was denied the statutory required parole hearings since becoming eligible for parole. The fact that Petitioner was released and is no longer incarcerated at the Virgin Islands Bureau of Corrections, renders Petitioner's issues moot because the relief sought in the instant action was satisfied.

*Carrillo v. Bureau of Corrections*
Crim. No. 13-116
Memorandum Opinion
Page 3

ECF No. 22. "A Certificate of Parole and/or Final Discharge" was included with the motion. ECF No. 22-1. Carrillo has not filed a response to the government's motion.

The Third Circuit has previously held that the claim of a petitioner seeking his release from prison is moot once the prisoner is released. *See Laor v. Federal Bureau of Prisons*, 340 F. App'x 771, 772 (3d Cir. 2009)("Laor has not demonstrated any concrete and continuing injury or collateral consequence that remains now that he has been placed in halfway house confinement. We thus find that the District Court properly dismissed Laor's habeas petition as moot.").[1]

Carrillo has been released from the custody of the Bureau. Carrillo "has not demonstrated any concrete and continuing injury or collateral consequence that remains now that he has been" released. *Id.* As such, his petition for immediate release is moot.

An appropriate judgment follows.

                                                        S\_____
                                                        **Curtis V. Gómez**
                                                        **District Judge**

---

[1] Carrillo filed a document labeled "Argument 2" on May 14, 2014. ECF No. 5. It appears that Carrillo raises an argument that he is entitled to release because his initial revocation of parole was improper. To the extent Carrillo is attacking the revocation of his parole, that argument is also moot in light of his release from prison. *See Spencer v. Kemna*, 523 U.S. 1, 18 (2002)(holding that a revocation of parole did not have sufficient collateral consequences for a court to retain jurisdiction after a petitioner had been released and the issue was moot).